JOHN WAGGEMAN

V.

EDWARD E. RICHARDSON ET AL.

*Contracts—Architect's Sketches—Recovery for Making of.*

Where an architect is employed to make sketches for a building proposed to be erected, the understanding being that in case the same are satisfactory, working plans and specifications are to be made in accordance therewith, his client is bound to give him a chance to make them satisfactory by making known his objections. Where, after the submission of sketches, the client declines to go on with the work, he is bound to pay a reasonable sum for the services rendered.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Peoria County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Mr. J. A. CAMERON, for appellant.

Mr. ARTHUR KEITHLEY, for appellees.

MR. JUSTICE CARTWRIGHT. This suit was brought by appellees before a justice of the peace, to recover from appellant for services rendered in making sketches for a block of buildings, and there was a recovery before the justice. On appeal to the Circuit Court there was a verdict for appellee for $75, from which the court required $25 to be remitted and judgment was entered for $50.

It was proven that appellant contemplated the erection of a block with store rooms below and flats above, and employed appellees to make sketches for the same. During the time the sketches were being made he was frequently in their office examining them, and counseling, advising and making suggestions concerning them. There was no bargain as to the price to be paid for the sketches, but if they were made satisfactory to him, working plans and specifi-

cations were to be made in accordance with them for use in the erection of the buildings. He made no objection to the sketches to appellees, and made none on the trial, except that the buildings would cost more than a limit which he claimed had been set by him. Both the fact of the limit and of the cost exceeding the sum stated was denied, but at any rate he never asked to have the plans cheapened so that there could be an opportunity to make them satisfactory in that respect. They were to be made satisfactory to him, so as to represent his ideas and wishes, and he was bound to give appellees a chance to make them so by making known his objections. He did not proceed to build according to the sketches, so that working plans and specifications were never made. The evidence showed no cause of complaint on his part, but showed that his action was from mere caprice and without any reasonable cause. Under these circumstances he was liable for what the work was reasonably worth. Appellees called on him for payment and charged him $50, which they stated to be one-half the usual charge for such work, and they offered to give him credit on final settlement for the amount, if paid, in case he should have the working drawings made. He refused to pay anything.

The amount of the judgment was less than the work was reasonably worth, and less than the customary charge for such work, as shown by the evidence. It is objected that there was no evidence on which to base the third instruction for appellees. This is a misapprehension of the evidence. We are satisfied with the judgment, and it will be affirmed.

*Judgment affirmed.*